The Vice-Chancellor.
The reservation of the rent, payable to Mr. Griffin as complainants solicitor, was equivalent to the taking of so much additional security for the mortgage debt. It was a pledge of the rent, in addition to the previous pledge of the land out of which it issued.
Thus, when the decree for the sale was made, Miss Voorhis, as the next incumbrancer, was in equity entitled, on paying the *511 complainant’s mortgage debt, to be subrogated to the rent as a portion of their security. And when, by means of the sale of the land, the complainants whole debt was discharged without resorting to the rent, Miss Yoorhis had an equity to be substituted in their place in respect of the rent; because, by their omitting to resort to the same, they had withdrawn from the proceeds of the sale, $125, which she would otherwise have received. In other words, the complainants having two funds to go upon for the $125, on one of which, Miss Yoorhis had a junior lien, exhausted the latter, instead of applying the one upon which she had no lien, and she therefore became entitled to a substitution in respect of the latter. (See 1 Story’s Eq. Jur. § 633 to 637, and notes.) These rights were fixed and vested before Mr. Terry became the assignee of the lease. He received the transfer for a precedent debt; and of course, subject to all the equities respecting it which existed against his assignor, one of which was Miss Yoorhis’s right to be substituted in the place of the complainants.
I am satisfied that she is entitled to receive the rent; and it must be paid to her accordingly.
No costs to either party, as against the other.